```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
FIRST UNUM LIFE INSURANCE COMPANY, :   06 Civ. 1749 (JCF)
                                  :
            Plaintiff,            :
                                  :    MEMORANDUM
    - against -                   :    AND ORDER
                                  :
TEAH WULAH                        :
                                  :
            Defendant.            :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

On November 8, 2007, I granted summary judgment in favor of the plaintiff in this case and against the defendant, Teah Wulah. After supplemental submissions, judgment was entered by the Clerk of Court on December 17, 2007. On February 14, 2008, Mr. Wulah mailed a notice of appeal together with a motion for extension of time in accordance with Rule 4(a)(5) of the Federal Rules of Appellate Procedure, and that motion was received by the Court the next day.

Rule 4(a)(5) provides that a motion for an extension of time may be submitted within thirty days of the date within which the notice of appeal should have been filed. Fed. R. App. P. 4(a)(5)(A)(i). Since Mr. Wulah's notice of appeal was due on January 16, 2008, his Rule 4(a)(5) application is timely. Furthermore, Mr. Wulah's failure to file a timely notice of appeal is attributable to excusable neglect. Courts evaluating excusable neglect generally take into account (1) the potential prejudice to

1

the non-moving party, (2) the length of the delay and the resulting impact on judicial proceedings, (3) the reason for the delay, including the extent to which it was within the control of the moving party, and (4) whether the moving party acted in good faith. See Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003). The first, second, and fourth factors plainly favor the defendant: his notice was less than thirty days late, there is little potential prejudice to the plaintiff as a result of this minimal delay, and there is no indication that Mr. Wulah has acted otherwise than in good faith.

The reason for the delay also favors granting the motion. Mr. Wulah represents that he did not receive a copy of the judgment. This is corroborated by the fact that the docket sheet does not reflect that the Clerk of Court mailed a notice of the right to appeal, a notation that customarily appears when a copy of the judgment has been sent to the parties. While a party represented by counsel might be expected to anticipate the issuance of a judgment once there has been a finding of liability, Mr. Wulah's status as a pro se litigant is a factor that militates in favor of finding that his neglect was excusable. See United States v. Taylor, No. 97 Cr. 490, 1998 WL 118173, at *2 (S.D.N.Y. March 16, 1998).

Accordingly, the defendant's motion to extend time to file a notice of appeal up to and including February 15, 2008 -- the date

2

the notice was actually filed -- is granted.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         June 18, 2008

Copies mailed this date:

Steven P. Del Mauro, Esq.
Mee Sun Choi, Esq.
McElroy, Deutsch, Mulvaney & Carpenter LLP
88 Pine Street, 24th Floor
New York, New York 10005

Teah Wulah
3316 Tiemann Avenue
Bronx, New York 10469